**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JATINDER SINGH, | No. 10-72150 |
| Petitioner, | Agency No. A097-102-982 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 10, 2012[**]

Before:    WARDLAW, CLIFTON, and N.R. SMITH, Circuit Judges

Jatinder Singh, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's ("IJ") decision denying his application for asylum, withholding of removal,

and relief under the Convention Against Torture ("CAT"). We have jurisdiction

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003), and we deny the petition for review.

The record does not compel the conclusion that Singh timely filed his application within a reasonable period following the expiration of his lawful immigration status. *See Husyev v. Mukasey*, 528 F.3d 1172, 1181-82 (9th Cir. 2008). Accordingly, Singh's asylum claim fails.

Substantial evidence supports the BIA's conclusion that Singh failed to establish past persecution based on his mistreatment by Indian authorities because he did not demonstrate the police were motivated, even in part, by his political opinion or his religion. *See Dinu v. Ashcroft*, 372 F.3d 1041, 1044-45 (9th Cir.2004) (presumption that police harassment of alien is politically motivated arises only where there appears to be no other logical reason for the persecution at issue); *Kozulin v. INS*, 218 F.3d 1112, 1116-17 (9th Cir. 2000). We reject Singh's contentions that the IJ improperly speculated about the motivations of police in arresting him or that his treatment was disproportionately severe. *See Dinu*, 372 F.3d at 1044-45 ("heavy-handed" police tactics did not give rise to inference of political persecution). Because Singh did not establish past persecution, he is not entitled to a presumption of a future fear. *See Molina-Estrada v. INS*, 293 F.3d

1089, 1096 (9th Cir. 2002).  Substantial evidence supports the BIA's finding that Singh did not otherwise establish it was more likely than not he would suffer future harm.  *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003).  Accordingly, Singh's withholding of removal claim fails.

Substantial evidence also supports the agency's denial of CAT relief because Singh failed to establish it is more likely than not he will be tortured if returned to India.  *See Wakkary v. Holder*, 558 F.3d 1049, 1067-68 (9th Cir. 2009).

Lastly, Singh fails to raise any argument in the opening brief with respect to his motion to remand.  *See Martinez-Serrano v. INS,* 94 F.3d 1256, 1259-60 (9th Cir. 1996)  (issues not supported by argument are deemed abandoned).

**PETITION FOR REVIEW DENIED.**